IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NUMBER:

CHRISTINE BRENNAN,

       Plaintiff,

v.

BANK OF AMERICA CORPORATION,
CAPITAL ONE FINANCIAL CORPORATION,
JPMORGAN CHASE & CO., CITIGROUP INC
DFS SERVICES LLC, and HSBC CARD
SERVICES INC,

       Defendants.

_____/

## COMPLAINT

The Plaintiff, CHRISTINE BRENNAN, by and through her undersigned attorneys hereby brings suit against, BANK OF AMERICA CORPORATION, CAPITAL ONE FINANCIAL CORPORATION, JP MORGAN CHASE & COMPANY, a Corporation, CITIGROUP INC, DFS SERVICES LLC, and HSBC CARD SERVICES INC, the Defendants, states as follows

### Jurisdiction and Venue

1.      This is an action for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.; hereinafter referred to as "FDCPA,") the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.; hereinafter referred to as "FCRA,") as well as the Bankruptcy Code (11 U.S.C. § 727.)

2.      Pursuant to 15 U.S.C. § 1692(a) the Plaintiff in this case is a "consumer" within the meaning of the FDCPA and the Defendants in the case at issue are defined as "creditors." Therefore, based on the 28 U.S.C. § 1331 this Court has subject matter jurisdiction.

3.      Based upon 15 U.S.C. § 1692(k) an action to enforce any liability created by this

subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurred.

    4.     The Plaintiff also raises causes of action under Florida Statutes Chapter § 559 Consumer Collection Practices.

    5.     Pursuant to 28 U.S. C. § 1332, this Court has jurisdiction over the Florida state claims of this case due to diversity of citizenship the parties.  The Plaintiff is a citizen of Florida, and the Defendants are citizens of other states including, North Carolina, Delaware, New York, Illinois, Texas and the amount in controversy including punitive damages exceeds $75,000.

### Parties and Other Individuals

    6.     The Plaintiff, CHRISTINE BRENNAN (hereinafter referred to as "BRENNAN") is a natural person residing in this judicial district.

    7.     The Defendant, BANK OF AMERICA CORPORATION (hereinafter referred to as "BOA") is foreign company that engages in the extension of credit and collection of debts in this judicial district.

    8.     The Defendant, CAPITAL ONE FINANCIAL CORPORATION (hereinafter referred to as "COF") is foreign company that engages in the extension of credit and collection of debts in this judicial district.

    9.     The Defendant, JPMORGAN CHASE & CO (hereinafter referred to as "CHASE") is foreign company that engages in the extension of credit and collection of debts in this judicial district.

    10.    The Defendant, CITIGROUP INC (hereinafter referred to as "CITIGROUP") is foreign company that engages in the extension of credit and collection of debts in this judicial

district.

11.     The Defendant, DFS SERVICES LLC (hereinafter referred to as "DFS") is foreign company that engages in the extension of credit and collection of debts in this judicial district.

12.     The Defendant, HSBC CARD SERVICES INC (hereinafter referred to as "HSBC") is foreign company that engages in the extension of credit and collection of debts in this judicial district.

## Nature of the Case

13.     In or about May of 2005, Miss BRENNAN entered into Chapter 7 Bankruptcy in the Southern District of Florida.

14.     Pursuant to 11 U.S.C. § 727, Miss BRENNAN's debts were subsequently discharged on August 25, 2005.

15.     Following the aforementioned discharge, Miss BRENNAN became aware that the Defendants were continuing to post negative credit information on her credit reports despite their knowledge of the Bankruptcy.  Copies of Miss BRENNAN's Credit Reports are attached hereto and collectively marked as Exhibit "A."

16.     On October 6, 2010, Miss BRENNAN sent a letters to Transunion, and Experian, two Credit Reporting Agencies (hereinafter "CRAs") disputing the credit limits, high credit number, and charge off information reported by the Defendants.

17.     Miss BRENNAN requested the CRAs complete and investigation into the disputed reports by the Defendants and sought validation or correction and removal of the disputed debts. Copies of the letters attached hereto and marked collectively as Exhibit "B."

18.     The CRAs contacted the Defendants to validate the debts.

19.     All the Defendants validated the Debts.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

20.     The Defendants have intentionally not reported to the CRAs that the accounts have been discharged and have intentionally and maliciously refused to remove the high balances, and credit limit.

21.     The effects of these errors on Miss BRENNAN's credit reports have been to negatively impact her credit scores, and credit worthiness.

22.     The Defendants conduct have proximately caused Miss BRENNAN past and future monetary loss, past and future damage to her credit and credit worthiness, past and future mental distress, emotional anguish, and other damages.

23.     The Defendants knew that Miss BRENNAN's accounts had been discharged and no longer had high credit or limits as alleged in the credit reports.  However, the Defendants have made corporate decisions to willfully and maliciously act contrary to their knowledge in their calculated decisions to violate the requirements to properly update Ms BRENNAN's accounts.

24.     The Defendants have policies and procedure to refuse to properly update credit reports of consumers, such as Miss BRENNAN who have no valid debt owed.

25.     The Defendants have an obligation and duty under federal and state law to accurately report a consumer's balance and the Defendants have willfully and maliciously refused to do so.

26.     The Defendants have falsely published the aforementioned accounts on Miss BRENNAN's credit reports and have caused a negative impact on her credit reports and scores.

27.     The CRAs are published for the use of third parties to determine the credit worthiness on the part of the borrower (in this case Miss BRENNAN.)

28.     It is the practice of the Defendants to maliciously, willfully, recklessly, wantonly, and negligently violate, ignore, and refuse to follow the requirements of the Fair Debt Reporting Act, FDCPA, federal and state law.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

29.    All actions taken by the employees, agents, servants, or representatives of the Defendants were taken in line and scope of the individuals' employment, agency or representation.

30.    All the actions taken by the Defendants were done with malice, and with wonton, reckless, disregard as to the harm that its actions would cause Miss BRENNAN and in violation of the law.

31.    The Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and such the Defendants are subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

32.    Miss BRENNAN has retained the services of the undersigned law firm and has agreed to pay it a reasonable fee for its services.

### Count I. Violations of the Fair Debt Collection Practices Act by BOA
### 115 U.S.C. §1692 et seq.

33.    Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

34.    BOA is a Creditor under FDCPA and has violated in particular 15 U.S.C. §1692(e)-(g) in numerous ways, including but not limited to, the following:

a.    Falsely reporting a credit limit on Miss BRENNAN' credit reports.

b.    Falsely continuing to report High Balance despite Miss BRENNAN request for validation of the debt; and

c.    Refusing to properly update the account.

35.    Miss BRENNAN has been damaged as a direct result of the aforementioned

violations of the FDCPA as set forth more fully in this Complaint.

WHEREFORE, the Plaintiff asks this Court for an Order of Judgment of Compensatory Damages, Punitive Damages, attorneys' fees and costs, interest, and such further and other relief as this Court may deem just and proper.

## Count II. Violations of the Fair Debt Collection Practices Act by COF
## 115 U.S.C. §1692 et seq.

36.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

37.     COF is a Creditor under FDCPA and has violated in particular 15 U.S.C. §1692(e)-(g) in numerous ways, including but not limited to, the following:

a.     Falsely reporting account as a "charge off" rather than a discharge due to bankruptcy on Miss BRENNAN' credit reports.

b.     Falsely attempting to collect a debt, by continuing to report High Balance, and Credit Limits despite Miss BRENNAN request for validation of the debt; and

c.     Refusing to properly update the account.

38.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the FDCPA as set forth more fully in this Complaint.

WHEREFORE, the Plaintiff asks this Court for an Order of Judgment of Compensatory Damages, Punitive Damages, attorneys' fees and costs, interest, and such further and other relief as this Court may deem just and proper.

## Count III. Violations of the Fair Debt Collection Practices Act by CHASE
## 115 U.S.C. § 1692 et seq.

39.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

40.     CHASE is a Creditor under FDCPA and has violated in particular 15 U.S.C. §1692(e)-(g) in numerous ways, including but not limited to, the following:

a.     Falsely reporting account a credit limit when the account was discharged due to bankruptcy on Miss BRENNAN' credit reports.

b.     Falsely reporting a High Balance despite Miss BRENNAN request for validation of the debt; and

c.     Refusing to properly update the account.

41.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the FDCPA as set forth more fully in this Complaint.

WHEREFORE, the Plaintiff asks this Court for an Order of Judgment of Compensatory Damages, Punitive Damages, attorneys' fees and costs, interest, and such further and other relief as this Court may deem just and proper.

## Count IV. Violations of the Fair Debt Collection Practices Act by CITIGROUP
## 115 U.S.C. § 1692 et seq.

42.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

43.     CITIGROUP is a Creditor under FDCPA and has violated in particular 15 U.S.C. §1692(e)-(g) in numerous ways, including but not limited to, the following:

a.     Falsely reporting account a credit limit when the account was discharged due to bankruptcy on Miss BRENNAN' credit reports.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

b.       Falsely reporting a High Balance despite Miss BRENNAN request for validation of the debt; and

c.       Refusing to properly update the account.

44.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the FDCPA as set forth more fully in this Complaint.

WHEREFORE, the Plaintiff asks this Court for an Order of Judgment of Compensatory Damages, Punitive Damages, attorneys' fees and costs, interest, and such further and other relief as this Court may deem just and proper.

## Count V. Violations of the Fair Debt Collection Practices Act by DFS
### 115 U.S.C. § 1692 et seq.

45.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

46.     DFS is a Creditor under FDCPA and has violated in particular 15 U.S.C. § 1692(e)-(g) in numerous ways, including but not limited to, the following:

a.       Falsely reporting account a credit limit when the account was discharged due to bankruptcy on Miss BRENNAN' credit reports.

b.       Falsely reporting a High Balance despite Miss BRENNAN request for validation of the debt; and

c.       Refusing to properly update the account.

47.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the FDCPA as set forth more fully in this Complaint.

WHEREFORE, the Plaintiff asks this Court for an Order of Judgment of Compensatory

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

Damages, Punitive Damages, attorneys' fees and costs, interest, and such further and other relief as this Court may deem just and proper.

### Count VI. Violations of the Fair Debt Collection Practices Act by HSBC
### 115 U.S.C. § 1692 et seq.

48.   Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

49.   HSBC is a Creditor under FDCPA and has violated in particular 15 U.S.C. § 1692(e)-(g) in numerous ways, including but not limited to, the following:

a.   Falsely reporting account a credit limit when the account was discharged due to bankruptcy on Miss BRENNAN' credit reports.

b.   Falsely reporting a High Balance despite Miss BRENNAN request for validation of the debt; and

c.   Refusing to properly update the account.

50.   Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the FDCPA as set forth more fully in this Complaint.

WHEREFORE, the Plaintiff asks this Court for an Order of Judgment of Compensatory Damages, Punitive Damages, attorneys' fees and costs, interest, and such further and other relief as this Court may deem just and proper.

### Count VII. Violations of Florida Statute § 559.72 by BOA

51.   Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

52.     BOA published false information about Miss BRENNAN by continuing to report a high balance and credit limit after the account had been discharged in bankruptcy.

53.     BOA violated § 559.72 by failing to disclose information concerning the existence of the account known to be reasonably disputed by the debtor without disclosing that fact.

54.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the Florida Statutes Chapter § 559 as set forth more fully in this Complaint.

WHEREFORE Miss BRENNAN requests this Court to award actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

### Count VII. Violations of Florida Statute § 559.72 by BOA

55.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

56.     BOA published false information about Miss BRENNAN by continuing to report a high balance and credit limit after the account had been discharged in bankruptcy.

57.     BOA violated § 559.72 by failing to disclose information concerning the existence of the account known to be reasonably disputed by the debtor without disclosing that fact.

58.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the Florida Statutes Chapter § 559 as set forth more fully in this Complaint.

WHEREFORE Miss BRENNAN requests this Court to award actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

## Count VIII. Violations of Florida Statute § 559.72 by COF

59.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

60.     COF published false information about Miss BRENNAN by continuing to report a high balance and credit limit and that it had been charged off through collections after the account had been discharged in bankruptcy.

61.     COF violated § 559.72 by failing to disclose information concerning the existence of the account known to be reasonably disputed by the debtor without disclosing that fact.

62.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the Florida Statutes Chapter § 559 as set forth more fully in this Complaint.

WHEREFORE Miss BRENNAN requests this Court to award actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

## Count IX. Violations of Florida Statute § 559.72 by CHASE

63.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

64.     CHASE published false information about Miss BRENNAN by continuing to report a high balance and credit limit after the account had been discharged in bankruptcy.

65.     CHASE violated § 559.72 by failing to disclose information concerning the existence of the account known to be reasonably disputed by the debtor without disclosing that fact.

66.     Miss BRENNAN has been damaged as a direct result of the aforementioned

violations of the Florida Statutes Chapter § 559 as set forth more fully in this Complaint.

WHEREFORE Miss BRENNAN requests this Court to award actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

### Count X. Violations of Florida Statute § 559.72 by CITIGROUP

67.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

68.     CITIGROUP published false information about Miss BRENNAN by continuing to report a credit limit after the account had been discharged in bankruptcy.

69.     CITIGROUP violated § 559.72 by failing to disclose information concerning the existence of the account known to be reasonably disputed by the debtor without disclosing that fact.

70.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the Florida Statutes Chapter § 559 as set forth more fully in this Complaint.

WHEREFORE Miss BRENNAN requests this Court to award actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

### Count XI. Violations of Florida Statute § 559.72 by DFS

71.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

72.     DFS published false information about Miss BRENNAN by continuing to report a high balance and credit limit after the account had been discharged in bankruptcy.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

73.     DFS violated § 559.72 by failing to disclose information concerning the existence of the account known to be reasonably disputed by the debtor without disclosing that fact.

74.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the Florida Statutes Chapter § 559 as set forth more fully in this Complaint.

WHEREFORE Miss BRENNAN requests this Court to award actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

### Count XII. Violations of Florida Statute § 559.72 by HSBC

75.     Miss BRENNAN alleges, avers, and asserts all of the allegations contained in paragraphs 1 through 32 above, and incorporates them by reference as though each was set forth fully herein.

76.     HSBC published false information about Miss BRENNAN by continuing to report a high balance and credit limit after the account had been discharged in bankruptcy.

77.     HSBC violated § 559.72 by failing to disclose information concerning the existence of the account known to be reasonably disputed by the debtor without disclosing that fact.

78.     Miss BRENNAN has been damaged as a direct result of the aforementioned violations of the Florida Statutes Chapter § 559 as set forth more fully in this Complaint.

WHEREFORE Miss BRENNAN requests this Court to award actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

### Count XIII – Violation of the Fair Credit Reporting Act as to BOA
### 15 U.S.C. § 1681 *et seq.*

79.     Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above,

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

and incorporates them in this Count by reference as though they are fully restated herein.

80.    The FCRA was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit while at the same time protecting the consumer.

81.    Under the FCRA, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is incorrect.

82.    The FCRA expressly provides consumers with a private cause of action; violations of FCRA are enforceable and actionable via 15 U.S.C. § 1681n, specifically, as this was a willful violation of the code.

83.    Miss BRENNAN sent a letters to Transunion and Experian disputing the debt and seeking validation.

84.    BOA violated the FCRA by failing to disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

85.    BOA failed to report the obligation properly and has refused to fix the status.

86.    All of these are willful acts by BOA which acted with impunity with regard to the standards set forth by the FCRA.

87.    The acts of BOA have caused a reduction in Ms. BRENNAN's credit score and have damaged her by severely limiting her access to credit in her personal and professional life.

88.    Under the FCRA any person who willfully fails to comply with any requirement imposed is liable in an amount equal to the sum of any actual damage, and the sum of any punitive damages as the Court may allow, as well as attorneys' fees and costs.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court

may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

## Count XIV – Violation of the Fair Credit Reporting Act as to COF
### 15 U.S.C. § 1681 *et seq.*

89.     Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above,

and incorporates them in this Count by reference as though they are fully restated herein.

90.     The FCRA was enacted to require the consumer reporting agencies to adopt

reasonable procedures for meeting the needs of commerce for consumer credit while at the same time

protecting the consumer.

91.     Under the FCRA, a person shall not furnish any information relating to a consumer to

any consumer reporting agency if the person knows or consciously avoids knowing that the

information is incorrect.

92.     The FCRA expressly provides consumers with a private cause of action; violations of

FCRA are enforceable and actionable via 15 U.S.C. § 1681n, specifically, as this was a willful

violation of the code.

93.     Miss BRENNAN sent a letters to Transunion and Experian disputing the debt and

seeking validation.

94.     COF violated the FCRA by failing to disclose information concerning the existence of

a debt known to be reasonably disputed by the debtor without disclosing that fact.

95.     COF failed to report the obligation properly and has refused to fix the status.

96.     All of these are willful acts by COF which acted with impunity with regard to the

standards set forth by the FCRA.

97.     The acts of COF have caused a reduction in Ms. BRENNAN's credit score and have

damaged her by severely limiting her access to credit in her personal and professional life.

98.     Under the FCRA any person who willfully fails to comply with any requirement imposed is liable in an amount equal to the sum of any actual damage, and the sum of any punitive damages as the Court may allow, as well as attorneys' fees and costs.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

### Count XV – Violation of the Fair Credit Reporting Act as to CHASE
### 15 U.S.C. § 1681 *et seq.*

99.     Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

100.    The FCRA was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit while at the same time protecting the consumer.

101.    Under the FCRA, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is incorrect.

102.    The FCRA expressly provides consumers with a private cause of action; violations of FCRA are enforceable and actionable via 15 U.S.C. § 1681n, specifically, as this was a willful violation of the code.

103.    Miss BRENNAN sent a letters to Transunion and Experian disputing the debt and seeking validation.

104.    CHASE violated the FCRA by failing to disclose information concerning the

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

105.    CHASE failed to report the obligation properly and has refused to fix the status.

106.    All of these are willful acts by CHASE which acted with impunity with regard to the standards set forth by the FCRA.

107.    The acts of CHASE have caused a reduction in Ms. BRENNAN's credit score and have damaged her by severely limiting her access to credit in her personal and professional life.

108.    Under the FCRA any person who willfully fails to comply with any requirement imposed is liable in an amount equal to the sum of any actual damage, and the sum of any punitive damages as the Court may allow, as well as attorneys' fees and costs.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

### Count XVI – Violation of the Fair Credit Reporting Act as to CITIGROUP
### 15 U.S.C. § 1681 *et seq.*

109.    Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

110.    The FCRA was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit while at the same time protecting the consumer.

111.    Under the FCRA, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is incorrect.

112.    The FCRA expressly provides consumers with a private cause of action; violations of

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

FCRA are enforceable and actionable via 15 U.S.C. § 1681n, specifically, as this was a willful violation of the code.

113.    Miss BRENNAN sent a letters to Transunion and Experian disputing the debt and seeking validation.

114.    CITIGROUP violated the FCRA by failing to disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

115.    CITIGROUP failed to report the obligation properly and has refused to fix the status.

116.    All of these are willful acts by CHASE which acted with impunity with regard to the standards set forth by the FCRA.

117.    The acts of CITIGROUP have caused a reduction in Ms. BRENNAN's credit score and have damaged her by severely limiting her access to credit in her personal and professional life.

118.    Under the FCRA any person who willfully fails to comply with any requirement imposed is liable in an amount equal to the sum of any actual damage, and the sum of any punitive damages as the Court may allow, as well as attorneys' fees and costs.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

### Count XVII – Violation of the Fair Credit Reporting Act as to DFS
### 15 U.S.C. § 1681 *et seq.*

119.    Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

120.    The FCRA was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit while at the same time

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

protecting the consumer.

121.    Under the FCRA, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is incorrect.

122.    The FCRA expressly provides consumers with a private cause of action; violations of FCRA are enforceable and actionable via 15 U.S.C. § 1681n, specifically, as this was a willful violation of the code.

123.    Miss BRENNAN sent a letters to Transunion and Experian disputing the debt and seeking validation.

124.    DFS violated the FCRA by failing to disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

125.    DFS failed to report the obligation properly and has refused to fix the status.

126.    All of these are willful acts by DFS which acted with impunity with regard to the standards set forth by the FCRA.

127.    The acts of DFSA have caused a reduction in Ms. BRENNAN's credit score and have damaged her by severely limiting her access to credit in her personal and professional life.

128.    Under the FCRA any person who willfully fails to comply with any requirement imposed is liable in an amount equal to the sum of any actual damage, and the sum of any punitive damages as the Court may allow, as well as attorneys' fees and costs.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

### Count XVIII – Violation of the Fair Credit Reporting Act as to HSBC
### 15 U.S.C. § 1681 *et seq.*

129.    Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

130.    The FCRA was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit while at the same time protecting the consumer.

131.    Under the FCRA, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is incorrect.

132.    The FCRA expressly provides consumers with a private cause of action; violations of FCRA are enforceable and actionable via 15 U.S.C. § 1681n, specifically, as this was a willful violation of the code.

133.    Miss BRENNAN sent a letters to Transunion and Experian disputing the debt and seeking validation.

134.    HSBC violated the FCRA by failing to disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

135.    HSBC failed to report the obligation properly and has refused to fix the status.

136.    All of these are willful acts by HSBC which acted with impunity with regard to the standards set forth by the FCRA.

137.    The acts of HSBC have caused a reduction in Ms. BRENNAN's credit score and have damaged her by severely limiting her access to credit in her personal and professional life.

138.    Under the FCRA any person who willfully fails to comply with any requirement

imposed is liable in an amount equal to the sum of any actual damage, and the sum of any punitive damages as the Court may allow, as well as attorneys' fees and costs.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

### Count XIX – Violations of the United States Bankruptcy Code as to BOA
### 11 U.S.C. § 727 *et seq.*

139.    Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

140.    The Defendant continued to report a high balance and credit limit on Miss BRENNAN's CRA's,

141.    BOA's publication of the aforementioned information on Miss BRENNAN's consumer credit report classifies as the defendant as attempting to collect on the debt even though the debt was included in a discharged bankruptcy.

142.    Attempting to collect on this debt when it was included in a discharged bankruptcy is a violation of the defendant's bankruptcy discharge injunction and the automatic stay.

143.    The defendant is prohibited under bankruptcy law to make these types of deceptive attempts to collect on a debt protected under bankruptcy stay.

144.    Further, the discharge injunction prohibits the defendants' attempts to still continue to collect on this account as it was included in a discharged bankruptcy.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

## Count XX – Violations of the United States Bankruptcy Code as to COF
## 11 U.S.C. § 727 *et seq.*

145.    Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

146.    The Defendant continued to report a high balance and credit limit and a charge off amount on Miss BRENNAN's CRA's,

147.    COF's publication of the aforementioned information on Miss BRENNAN's consumer credit report classifies as the defendant as attempting to collect on the debt even though the debt was included in a discharged bankruptcy.

148.    Attempting to collect on this debt when it was included in a discharged bankruptcy is a violation of the defendant's bankruptcy discharge injunction and the automatic stay.

149.    The defendant is prohibited under bankruptcy law to make these types of deceptive attempts to collect on a debt protected under bankruptcy stay.

150.    Further, the discharge injunction prohibits the defendants' attempts to still continue to collect on this account as it was included in a discharged bankruptcy.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

## Count XXI – Violations of the United States Bankruptcy Code as to CHASE
## 11 U.S.C. § 727 *et seq.*

151.    Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

152.    The Defendant continued to report a high balance and credit limit on Miss BRENNAN's CRA's,

153.    CHASE's publication of the aforementioned information on Miss BRENNAN's consumer credit report classifies as the defendant as attempting to collect on the debt even though the debt was included in a discharged bankruptcy.

154.    Attempting to collect on this debt when it was included in a discharged bankruptcy is a violation of the defendant's bankruptcy discharge injunction and the automatic stay.

155.    The defendant is prohibited under bankruptcy law to make these types of deceptive attempts to collect on a debt protected under bankruptcy stay.

156.    Further, the discharge injunction prohibits the defendants' attempts to still continue to collect on this account as it was included in a discharged bankruptcy.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

## Count XXII – Violations of the United States Bankruptcy Code as to CITIGROUP
### 11 U.S.C. § 727 *et seq.*

157.    Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

158.    The Defendant continued to report a credit limit on Miss BRENNAN's CRA's,

159.    CITIGROUP's publication of the aforementioned information on Miss BRENNAN's consumer credit report classifies as the defendant as attempting to collect on the debt even though the debt was included in a discharged bankruptcy.

160.    Attempting to collect on this debt when it was included in a discharged bankruptcy is a violation of the defendant's bankruptcy discharge injunction and the automatic stay.

161.    The defendant is prohibited under bankruptcy law to make these types of deceptive

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

attempts to collect on a debt protected under bankruptcy stay.

162.    Further, the discharge injunction prohibits the defendants' attempts to still continue to collect on this account as it was included in a discharged bankruptcy.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

### Count XXIII – Violations of the United States Bankruptcy Code as to DFS
### 11 U.S.C. § 727 *et seq.*

163.    Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

164.    The Defendant continued to report a high balance and a Credit Limit on Miss BRENNAN's CRA's,

165.    DFS's publication of the aforementioned information on Miss BRENNAN's consumer credit report classifies as the defendant as attempting to collect on the debt even though the debt was included in a discharged bankruptcy.

166.    Attempting to collect on this debt when it was included in a discharged bankruptcy is a violation of the defendant's bankruptcy discharge injunction and the automatic stay.

167.    The defendant is prohibited under bankruptcy law to make these types of deceptive attempts to collect on a debt protected under bankruptcy stay.

168.    Further, the discharge injunction prohibits the defendants' attempts to still continue to collect on this account as it was included in a discharged bankruptcy.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

## Count XXIV – Violations of the United States Bankruptcy Code as to HSBC
### 11 U.S.C. § 727 *et seq.*

169.     Miss BRENNAN avers the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they are fully restated herein.

170.     The Defendant continued to report a high balance and credit limit on Miss BRENNAN's CRA's,

171.     HSBC's publication of the aforementioned information on Miss BRENNAN's consumer credit report classifies as the defendant as attempting to collect on the debt even though the debt was included in a discharged bankruptcy.

172.     Attempting to collect on this debt when it was included in a discharged bankruptcy is a violation of the defendant's bankruptcy discharge injunction and the automatic stay.

173.     The defendant is prohibited under bankruptcy law to make these types of deceptive attempts to collect on a debt protected under bankruptcy stay.

174.     Further, the discharge injunction prohibits the defendants' attempts to still continue to collect on this account as it was included in a discharged bankruptcy.

WHEREFORE, Miss BRENNAN asks this Honorable Court for a Judgment of compensatory and punitive damages, costs, attorneys' fees, interest, and such further and other relief as this Court may deem just and proper. Miss BRENNAN demands a trial by jury on all issues so triable.

The Plaintiff demands a trial by jury on all issues so triable.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

Dated December 14, 2010

**THE TICKTIN LAW GROUP, P.A.**
Attorneys for Plaintiffs
600 West Hillsboro Boulevard
Suite 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Fax: (954) 570-6760
pticktin@legalbrains.com
ecook@legalbrains.com

By: _____
EJOLA CHRISTLIEB COOK
FLORIDA BAR NO.: 0010327